**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Flores,          )<br>                         )<br>            Plaintiff,  )<br>                         )<br>       vs.              )<br>                         )<br> R. Marshall,            **)**<br>                         )<br>                         )<br>                         )<br>            Defendant.   )<br>_____) | NO.CV-06-0066-PHX-EHC (ECV)<br><br><br><br>**RULE 16**<br>**SCHEDULING AND**<br>**DISCOVERY ORDER** |

Plaintiff, proceeding <u>pro</u> <u>se</u>, having filed a complaint pursuant to 42 U.S.C. § 1983 and defendant(s) having answered,

**IT IS ORDERED** that the parties shall comply with the following deadlines and discovery orders:

**THE PARTIES AND COUNSEL ARE CAUTIONED THAT THE DEADLINES SET FORTH IN THIS RULE 16 SCHEDULING ORDER SHALL BE STRICTLY ENFORCED.**

1.   All Initial Disclosures as defined in Fed.R.Civ.P. 26(a), if not already disclosed, shall be made **no later than**  <u>August 23, 2006</u> .[*]

2.   To satisfy the requirements of Fed.R.Civ.P. 26(a), the

---

[*]The December 1, 2000 amendments to Rule 26, Federal Rules of Civil Procedure exempt prisoner's civil rights cases, such as this one, from the requirements of discovery plans, disclosures, etc. However, as noted in the Advisory Committee Note to the 2000 Amendments to Rule 26, "[e]ven in a case excluded by subdivision (a)(1)(E) . . . the court can order exchange of similar information in managing the action under Rule 16."
   The Court finds that continuing to require the parties to comply with the provisions of Rule 26(a) will benefit the parties to this action by allowing the early identification of factual, legal, and evidentiary issues, and providing a forum and impetus for frank discussion between the parties as to the relative strengths and weaknesses of their cases.

parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

3. Any defense motion to dismiss or for summary judgment, the result of which is not dependent on the development of the factual record, shall be filed **on or before <u>September 22, 2006</u>**.

4. Motions to Amend the Complaint, and to join additional parties shall be filed **no later than <u>October 22, 2006</u>**.

5. Plaintiff shall disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by <u>**October 22, 2006**</u>. Defendants shall disclose all expert witnesses and their Rule 26(a)(2)(B) Reports by <u>**November 21, 2006**</u>.

6. All discovery must be completed and the parties are required to finally supplement <u>all</u> discovery, including material changes in expert witness opinions and disclosure, pursuant to Fed.R.Civ.P. 26(a)(3), of all exhibits to be used and all witnesses to be called at trial, on or before <u>**March 21, 2007**</u>. The parties are reminded that this order governs and supersedes the "30 days before trial" disclosure deadline contained in Fed.R.Civ.P. 26(a)(3). Therefore, (1) failure to timely supplement Rule 26(a) disclosures, including witnesses and exhibits for trial, (2) failure to timely supplement responses to any valid discovery requests, and (3) attempts to include witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions pursuant to Fed.R.Civ.P. 37, the Local Rules of the District Court,

and the inherent power of the court.

7.   Discovery by interrogatory shall be governed by Fed.R.Civ.P. 33 unless otherwise ordered by the Court.  Therefore, there is a limit of twenty-five (25) interrogatories, including discrete subparts, applicable to this case.  The parties are also limited to 15 requests for production and 10 requests for admission from each party to the other party.

8.   Depositions shall be limited as provided by Rules 30 and 31 of the Fed.R.Civ.P. and as provided in the Local Rules of Practice for the District of Arizona unless granted permission to depart from these Rules by Order of this Court.  To the extent that the Fed.R.Civ.P. differ from Local Rules, the Fed.R.Civ.P. shall govern.

If defendant desires to take plaintiff's deposition, leave of court is granted to take such deposition pursuant to Fed.R.Civ.P. 30(a)(2).  The deposition may be taken by telephone at the option of defendant.

9.   Motions on discovery matters are strongly discouraged. Parties are directed to LRCiv 7.2(j), which prohibits filing discovery motions unless parties have first conferred in good faith, in person or by telephone, and attempted to resolve any discovery difficulties.  If the parties cannot reach a resolution, they may file a motion. Motions, responses and replies shall not exceed six pages each.

10.  All dispositive motions shall be filed no later than   **May 21, 2007**         .  **Each party shall file no more than**

3

**one motion for summary judgment unless leave of Court is requested and obtained.**

11.   All parties are specifically admonished that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Rule, or **if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.**"

12.   **A Joint Proposed Pretrial Order** shall be lodged by   **July 20, 2007**   , notwithstanding the pendency of unresolved dispositive motions.  The parties are therefore advised to get their dispositive motions resolved sooner rather than later.  The Proposed Pretrial Order shall be in the form prescribed by the assigned trial judge.

DATED this 24th day of July, 2006.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge